ORIGINAL
FILED

AUG 18 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   BLAKE P. LOEBS, State Bar #145790
    ELIZABETH L. DEELEY, State Bar #230798
4   Deputy City Attorney
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3868
6   Telephone:    (415) 554-3982
    Facsimile:    (415) 554-3837
7
                                    E-Filing
8   Attorneys for Defendants

9

10                  UNITED STATES DISTRICT COURT                    SI

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12   JESSICA BATES, HELIA RASTI,              Case No.   C 05 3383
     LAMONT ALLEN, KIRSTEN
13   BRYDUM, JAMES CONNELL,                   DEFENDANT CITY AND COUNTY
     GREGORY DERVIN, JANSSEN KUHN,            OF SAN FRANCISCO NOTICE OF
14   EMILY MAGNER, AMELIA                     REMOVAL OF ACTION UNDER 28
     MERRICK, CHRISTOPHER SCHEETS,            U.S.C. §1441(b) (FEDERAL
15   HANNAH SORENSEN, BRENT SOVIK,            QUESTION)
     JEREMY SPAFFORD, JONATHAN
16   STRIBLING-USS, ABIGAIL WING,
     DANIELA ZION,                            Date Action Filed:   July 18, 2005
17                                            Trial Date:          None Set
                   Plaintiffs,
18
           vs.
19
20   SAN FRANCISCO SHERIFF'S
     DEPARTMENT CHIEF (FNU[1], ARATA
21   (#370), LT. (FNU) HESS, SGT. (FNU)
     FREEMAN, DEPUTIES A. KENNEDY
22   (#540), A. UNG (#1539), B. KESTER
     (#1239), (FNU) ROBINSON (#600),
23   E. C. GONZALEZ (#1103), E. BRIN
     (#833), K. FERRIGNO, J. RAMIREZ
24   (#1486), A. WONG (#810), I. ACEVES
     (#1004), R. GALLOT (#1341), C. CHIU
25   (#1463), I. CAMBEROS (#1496),
     M. RIVETTE (#821), G. BARBIERI
26   (#896), B. RICE (#1710), M. CHIU
     (#1065), J. LAWSHA (#1526), D. DEAR

27   _____
          [1] "FNU" means First Name Unknown.
28
     NOTICE OF REMOVAL OF ACTION TO              1          n:\lit\li2005\051198\00327535.doc
     FEDERAL COURT; Case No. _____

1   (#871), R. ROOD (#1532), L. LAMUG
     (#1279), D. HUGHES (#1747),
2   R. DROCCO (#569). E. RUIZ (#1451),
     C. SHERIFF (#1790), (FNU) MOOR,
3   (FNU) FISH (#450), (FNU) YAMOTO,
     (FNU) QUOCK (#1460), (FNU) JANG
4   (#812), (FNU) WILSON (#1093), (FNU)
     TUOHY (#1154), AND DOES 1-20; SAN
5   FRANCISCO POLICE OFFICER DOES
     21-40; AND THE CITY AND COUNTY
6   OF SAN FRANCISCO,

                Defendants.

TO:    CLERK OF THE ABOVE-ENTITLED COURT:

TO:    PLAINTIFFS BATES, RASTI, ALLEN, BRYDUM, CONNELL, DERVIN, KUHN,

MAGNER, MERRICK, SCHEETS, SORENSEN, SOVIK, SPAFFORD, STRIBLING-USS, WING,

ZION AND PLAINTIFF'S ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that the Answering Defendant City and County of San

Francisco and Defendants Arata, Hess, Freeman, Kennedy, Ung, Kester, Robinson, Gonzalez, Brin,

Ferrigno, Ramirez, Wong, Aceves, Gallot, Chiu, Camberos, Rivette, Barbieri, Rice, Chiu, Lawsha,

Dear, Rood, Lamug, Hughes, Drocco, Ruiz, Sheriff, Moor, Fish, Yamoto, Quock, Jang, Wilson, and

Tuohy, in the above-captioned action, No. 05-442185 in the files and records of the Superior Court

in and for the City and County of San Francisco, hereby file in the United States District Court for

the Northern District of California a Notice of Removal of said action to the said United States

District Court, pursuant to 28 U.S.C. §§1441 and 1446, and is filing in said Superior Court a Notice

of Removal.

Answering Defendant, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts

to the Judges of the United States District Court for the Northern District of California:

A civil action bearing the above-caption was commenced in the Superior Court of California,

in and for the City and County of San Francisco, on July 18, 2005, and is pending therein.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.

§1331. Plaintiffs' amended complaint in said pending action includes allegations involving a federal

subject matter in that it alleges facts which, if true, may constitute violations of plaintiffs' federal

1  constitutional rights and civil rights under 42 U.S.C §1983 and federal common law arising from

2  alleged false arrests and detentions, and use of excessive force, and seeks as an element of damages,

3  attorney's fees for these claims.  This action is one which may therefore properly be removed to this

4  Court pursuant to 28 U.S.C. §1441(a), for the reason that plaintiffs in their amended complaint

5  allege a violation of laws of the United States.

6      To the extent that plaintiffs' amended complaint alleges a claim or cause of action other than

7  violations of rights under the laws of the United States, said cause(s) of action my be removed and

8  adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

9      Answering Defendant City and County of San Francisco first received a copy of the amended

10  complaint in this matter on July 22, 2005.  A copy of the summons and amended complaint are

11  attached hereto as Exhibit "A."  Answering Defendant's answer is attached as Exhibit "B."

12      All other Defendants specially appear for the sole purpose of joining in this Notice of

13  Removal, as evidenced by the Joinder of Defendants filed concurrently herewith.

14      WHEREFORE, Answering Defendants pray that the above action now pending in the

15  Superior Court of the State of California in and for the City and County of San Francisco be

16  removed in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. §1441, et. seq.

17  Dated:  August 19, 2005

18                              DENNIS J. HERRERA
                                City Attorney
19                              JOANNE HOEPER
                                Chief Trial Deputy
20                              BLAKE P. LOEBS
                                ELIZABETH DEELEY
21                              Deputy City Attorneys

22

23

24                          By: _____
                                ELIZABETH L. DEELEY
25                              Attorneys for Defendants

26

27

28

NOTICE OF REMOVAL OF ACTION TO              3              n:\lit\li2005\051198\00327535.doc
FEDERAL COURT; Case No. _____

BATES, ET AL. V. CCSF, ET AL. – U.S. DISTRICT COUR CASE NO. _____

## PROOF OF SERVICE

I, Pamela Cheeseborough, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 19, 2005, I served the attached:

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Ben Rosenfeld, Esq.
115 ½ Bartlett Street
San Francisco, CA 94110-3022
Telephone:     (415) 285-8091
Facsimile:     (415) 285-8092
*Counsel for Plaintiffs*

and served the named document in the manner indicated below:

☒  **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐  **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐  **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☒  **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415)554-3837. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 19, 2005, at San Francisco, California.

_____
Pamela Cheeseborough

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT; Case No. _____

4

n:\lit\li2005\051198\00327535.doc

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

MAYOR'S OFFICE

05 JUL 22  PM 2: 11

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City and County of San Francisco, et al.
(See attached supplement for full list of defendants.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jessica Bates, et al.
(See attached supplement for full list of plaintiffs.)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso)* **05-443185**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Rosenfeld, Attorney (SBN 203845)
115 1/2 Bartlett Street, San Francisco, CA 94110, (415) 285-8091

GORDON PARK-LI

DATE:
*(Fecha)* JUL 1 8 2005

Clerk, by
*(Secretario)* CRISTINA BAUTISTA , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☑ other *(specify):* municipality CCP § 416.50

4. ☑ by personal delivery on *(date):* 7/22/05

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**Supplement to Summons  (List of Names of Parties)**

Case No. _O5 - 443185_

JESSICA BATES, HELIA RASTI, LAMONT ALLEN, KIRSTEN BRYDUM, JAMES CONNELL, GREGORY DERVIN, JANSSEN KUHN, EMILY MAGNER, AMELIA MERRICK, CHRISTOPHER SCHEETS, HANNAH SORENSEN, BRENT SOVIK, JEREMY SPAFFORD, JONATHAN STRIBLING-USS, ABIGAIL WING, DANIELA ZION,

Plaintiffs,

v.

SAN FRANCISCO SHERIFF'S DEPARTMENT CHIEF (FNU) [1] ARATA (#370), LT. (FNU) HESS, SGT. (FNU) FREEMAN, DEPUTIES A. KENNEDY (#540), A. UNG (#1539), B. KESTER (#1239), (FNU) ROBINSON (#600), E. C. GONZALEZ (#1103), E. BRIN (#833), K. FERRIGNO, J. RAMIREZ (#1486), A. WONG (#810), I. ACEVES (#1004), R. GALLOT (#1341), C. CHIU (#1463), I. CAMBEROS (#1496), M. RIVETTE (#821), G. BARBIERI (#896), B. RICE (#1710), M. CHIU (#1065), J. LAWSHA (#1526), D. DEAR (#871), R. ROOD (#1532), L. LAMUG (#1279), D. HUGHES (#1747), R. DROCCO (#569), E. RUIZ (#1451), C. SHERIFF (#1790), (FNU) MOOR, (FNU) FISH (#450), (FNU) YAMOTO, (FNU) QUOCK (#1460), (FNU) JANG (#812), (FNU) WILSON (#1093), (FNU) TUOHY (#1154), AND DOES 1-20; SAN FRANCISCO POLICE OFFICER DOES 21-40; AND THE CITY AND COUNTY OF SAN FRANCISCO,

Defendants.

---

[1] "FNU" means First Name Unknown.

1  BEN ROSENFELD  (SBN 203845)
   115 ½ Bartlett Street
2  San Francisco, California
   Tel:  (415) 285-8091
3  Fax: (415) 285-8092

4  Attorney for Plaintiffs

5

6

7

8              IN THE SUPERIOR COURT OF CALIFORNIA
                FOR THE COUNTY OF SAN FRANCISCO
9                   (UNLIMITED JURISDICTION)

10

11 JESSICA BATES, HELIA RASTI,
   LAMONT ALLEN, KIRSTEN BRYDUM,          Case No. 05-443185
12 JAMES CONNELL, GREGORY DERVIN,
   JANSSEN KUHN, EMILY MAGNER,
13 AMELIA MERRICK, CHRISTOPHER            **AMENDED COMPLAINT FOR DAMAGES**
   SCHEETS, HANNAH SORENSEN, BRENT        **FOR VIOLATIONS OF CIVIL RIGHTS**
14 SOVIK, JEREMY SPAFFORD, JONATHAN       **(and other wrongs)**
   STRIBLING-USS, ABIGAIL WING,
15 DANIELA ZION,
                                          **JURY TRIAL DEMANDED**
16
           Plaintiffs,
17
        v.
18

19 SAN FRANCISCO SHERIFF'S
   DEPARTMENT CHIEF (FNU) [1] ARATA
20 (#370), LT. (FNU) HESS, SGT. (FNU)
   FREEMAN, DEPUTIES A. KENNEDY
21 (#540), A. UNG (#1539), B. KESTER
   (#1239), (FNU) ROBINSON (#600),
22 E. C. GONZALEZ (#1103), E. BRIN (#833),
   K. FERRIGNO, J. RAMIREZ (#1486), A.
23 WONG (#810), I. ACEVES (#1004),
   R. GALLOT (#1341), C. CHIU (#1463), I.
24 CAMBEROS (#1496), M. RIVETTE (#821),
   G. BARBIERI (#896), B. RICE (#1710),
25

26
   ────────────────────────
27     [1] "FNU" means First Name Unknown.

28

ENDORSED
FILED
San Francisco County Superior Court

JUL 2 2 2005

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
                    Deputy Clerk

05 JUL 22 PM 2: 11
RECEIVED
MAYOR'S OFFICE

M. CHIU (#1065), J. LAWSHA (#1526), D. DEAR (#871), R. ROOD (#1532), L. LAMUG (#1279), D. HUGHES (#1747), R. DROCCO (#569), E. RUIZ (#1451), C. SHERIFF (#1790), (FNU) MOOR, (FNU) FISH (#450), (FNU) YAMOTO, (FNU) QUOCK (#1460), (FNU) JANG (#812), (FNU) WILSON (#1093), (FNU) TUOHY (#1154), AND DOES 1-20; SAN FRANCISCO POLICE OFFICER DOES 21-40; AND THE CITY AND COUNTY OF SAN FRANCISCO,

Defendants.

## I. INTRODUCTION

1. Plaintiffs seek compensatory and punitive damages against the defendant officials and government entities, and other officials and policymakers yet to be named, for violating their civil rights when San Francisco Police falsely encircled and arrested them during a protest against the 2004 Summit on Biotechnology in San Francisco, and Sheriff's Deputies wantonly tormented, harassed, and ultimately attacked and injured them for declining to give their names in the County Jail.

2. Plaintiffs filed their complaint on July 18, 2005 and hereby amend it "once of course" pursuant to CCP § 472. Plaintiffs, through counsel, have requested the complete names and badge numbers of the various named defendants from the Sheriff's Legal Office. However, despite the fact that this is public information, the Sheriff's Office has refused to comply with plaintiffs' request, just as they have refused other requests for public records in this matter, even after they were formally rebuked and ordered to comply by the San Francisco Sunshine Ordinance Task Force.

## II. PARTIES / SCOPE OF LIABILITY

3. Plaintiff Jessica Bates is a U.S. citizen, presently residing in Oakland, California.

4. Plaintiff Helia Rasti is a U.S. citizen, presently residing in San Francisco, California.

5. Plaintiff Lamont Allen is a U.S. citizen, presently residing in San Francisco, California.

1        6.  Plaintiff Kirsten Brydum is a U.S. citizen, presently residing in San Francisco,

2    California.

3        7.  Plaintiff James Connell is a U.S. citizen, presently residing in Oakland, California.

4        8.  Plaintiff Gregory Dervin is a U.S. citizen, presently residing in San Francisco,

5    California.

6        9.  Plaintiff Janssen Kuhn is a U.S. citizen, presently residing in Oakland, California.

7        10. Plaintiff Emily Magner is a U.S. citizen, presently residing in Tucson, Arizona.

8        11. Plaintiff Amelia Merrick is a U.S. citizen, presently residing in Philadelphia,

9    Pennsylvania.

10       12. Plaintiff Christopher Scheets is a U.S. citizen, presently residing in Kirksville,

11   Missouri.

12       13. Plaintiff Hannah Sorensen is a U.S. citizen, presently residing in Oakland, California.

13       14. Plaintiff Brent Sovik is a U.S. citizen, presently residing in Portland, Oregon.

14       15. Plaintiff Jeremy Spafford is a U.S. citizen, presently residing in Berkeley, California

15       16. Plaintiff Jonathan Stribling-Uss is a U.S. citizen, presently residing in Oakland,

16   California.

17       17. Plaintiff Abigail Wing is a U.S. citizen, presently residing in Sebastopol, California.

18       18. Plaintiff Daniela Zion is a Hong Kong citizen, presently residing in Forest Hills, New

19   York.

20       19. Defendants Arata, Hess, Freeman, A. Kennedy, A. Ung, B. Kester, Robinson,

21   E. C. Gonzalez, E. Brin, K. Ferrigno, J. Ramirez, A. Wong, I. Aceves, R. Gallot, C. Chiu,

22   I. Camberos, M. Rivette, G. Barbieri, B. Rice, M. Chiu, J. Lawsha, D. Dear, R. Rood, L. Lamug,

23   D. Hughes, R. Drocco, E. Ruiz, C. Sheriff, Moor, Fish, Yamoto, Quock, Jang, Wilson, Tuohy,

24   and DOEs 1 through 20, inclusive, are or were at all relevant times sworn officials of the San

25   Francisco Sheriff's Department, whether line officers or supervisors.  These individual

26   defendants, together with DOEs 1 through 20, are collectively referred to herein as "Sheriff's

27   defendants".

28

20. Defendant DOEs 21 through 40 are or were at all relevant times sworn officials of the San Francisco Police Department, whether line officers or supervisors. DOES 21 through 40 are collectively referred to herein as "police defendants".

21. Plaintiff will move to substitute the true names and capacities of the DOE defendants after they become known. All references within to "defendants" plural, unless otherwise specified, include the Doe defendants.

22. Defendant City and County of San Francisco ("CCSF") is a municipal entity incorporated under the laws of the State of California.

23. The named and unnamed individual defendants carried out the acts complained of in their individual capacities, under color of state law, in the course and scope of their employment. The City and County of San Francisco is liable in *respondeat superior* for the intentional torts of its employees, in accordance with Cal. Gov't Code § 815.2.

24. The supervisory defendants are liable both for their direct participation, if any, as well as for failing to exercise their supervisory powers and responsibilities to prevent, end, or ameliorate the wrongs complained of, i.e. for setting in motion the actions which led to the violations, for expressly or tacitly authorizing, ratifying, and/or condoning the unlawful actions of their underlings, and/or for failing to properly hire, train, supervise, and/or discipline their underlings.

25. All defendants are jointly and severally liable for any damages awarded. Under California Government Code § 825(a), the City and County of San Francisco is obligated to pay any compensatory damages and costs awarded against its employees.

26. Regarding all actions and causes of action herein alleged and stated, all defendants, including all Doe defendants, violated rights held by plaintiff which were clearly established, and which they had a mandatory duty to uphold, and no reasonable official similarly situated to any of the defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. All individual defendants, including all individual Doe defendants, thus lack qualified or statutory immunity from suit or liability.

## III. JURISDICTION AND VENUE

27. The Superior Court has jurisdiction of the state law claims under the California Constitution, California Civil Code §§ 52.1, 52, 1708 and 3333, and California Common Law. In the event the case is removed, the federal court has pendent (supplemental) jurisdiction of the state law claims under 28 U.S.C. § 1367. Either court has jurisdiction of the federal claims under the Judicial Code, 28 U.S.C. §§ 1331 and 1343; the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*; and/or federal common law.

28. Venue is proper because the acts complained of occurred in San Francisco, CA, and the defendants all lived, worked, and/or conducted business in San Francisco at all relevant times.

29. Plaintiffs submitted timely Gov't Code § 910 claims against the City and County of San Francisco on December 7, 2004, and amended them on December 8, 2004. The City denied all claims on January 18, 2005, making this lawsuit timely and necessary.

## V. FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

30. On or about June 8, 2004, plaintiffs participated in a protest against the Summit on Biotechnology in San Francisco. At approximately 5:00 pm, San Francisco Police corralled a group of protesters at or near Market and 5th Streets. The officers did not give the protesters reasonable notice or a reasonable opportunity to disperse before they enclosed and eventually arrested them. Police in riot gear encircled the plaintiffs and others for over an hour, during which time they seized musical instruments and other property. The police committed acts of brutality, including beating one person to the ground for standing on top of a concrete rise on the sidewalk.

31. The police then slowly arrested the plaintiffs and other protesters one by one, for violating Vehicle Code §§ 2800(a) and 21954(a) (failure to comply and jaywalking, respectively) and transported them to County Jail, where they were detained outside in pens for over two hours. Police and/or Sheriff's personnel divided the arrestees by gender, and then by those who agreed to identify themselves and those who declined to. Those who identified themselves were slowly cited and released.

1   32. The arrest and detentions were false, and done in a manner designed to torment and

2   dehumanize the protesters, to punish them summarily, and to chill their future free expression.

3   33. The plaintiffs in this action declined to identify themselves. In response, Sheriff's

4   Deputies took them inside and locked them in two separate holding cells, one for the men, and

5   one for the women.[2] Sheriff's Deputies then deliberately deprived plaintiffs of blankets,

6   medicine, medical care, adequate food, or adequate bedding for nearly two days, while they kept

7   plaintiffs locked in the cold and dirty cells. Several plaintiffs got sick or sicker as a result.

8   34. Worse yet, Sheriff's Deputies subjected the female plaintiffs to sexual harassment by

9   creating and participating in a peep show in which they watched, or allowed other inmates to

10   watch, while the women went to the bathroom.

11   35. During plaintiffs' confinement, Deputies entered the men's and women's cells on

12   various occasions to ask if any of the plaintiffs wanted to give their names. Apart from two

13   plaintiffs who agreed early on to do so, the Deputies were always told no. Meanwhile, plaintiffs'

14   lawyers on the outside were discussing the matter with various City officials.

15   36. At approximately 5:00 pm on June 9, 2004, Sheriff's personnel ominously began

16   hanging blankets around the cells (perhaps the blankets they had refused to provide to plaintiffs),

17   apparently to block the view of other inmates. Then, without warning or any valid reason

18   whatsoever, riot-clad Deputies stormed each of the cells (first the women's, then the men's) and

19   forcibly extracted plaintiffs, terrorizing and injuring them.

20   37. Deputies then violently moved the plaintiffs to one or more booking area(s) to be

21   fingerprinted. Deputies threw some of the plaintiffs down onto the concrete floor in the hallway

22   outside the cells, and cuffed both their hands and feet. The Deputies lifted some plaintiffs up by

23   their handcuffs, injuring them and causing them extreme pain. The Deputies also sexually

24   groped several of the female detainees.

25

26

27   [2] Plaintiffs' use of the term "Deputies" is inclusive of all Sheriff's defendants, including

28   those of higher rank.

38. The torment and violence did not abate during the fingerprinting process, during which one man had his finger broken. After fingerprinting, Deputies further intimidated the plaintiffs by breaking them up and housing them in separate cells. Plaintiff Helia Rasti, the only woman of color in the group, was housed by herself and was the only detainee whose glasses were taken.

39. In the middle of the night, on June 10, 2004, Deputies woke plaintiffs up and brought them out of their cells one by one to sign paperwork and to subject them to further harassment. The next day, plaintiffs were transported to Court where they identified themselves, and learned that the District Attorney would not pursue their cases, further proving how completely unnecessary the violent assault by defendants had been. Moreover, the Court agreed with plaintiffs' attorneys that the Sheriff's Department had no grounds to add an additional count under Penal Code § 148(a) (resisting, delaying, obstructing) to each plaintiff's Vehicle Code charges, and dismissed these charges as well. Even after the charges were dropped that morning, however, Sheriff's Deputies continued to detain plaintiffs for an unreasonable length of time before finally releasing them that evening.

40. In seeking to cover-up their wrongdoing and frustrate plaintiffs' access to justice, the Sheriff's Office (through Legal Counsel James Harrigan) has refused, despite repeated requests by the undersigned attorney as well as censure by the San Francisco Sunshine Ordinance Task Force, to produce various videos, reports, and other records of the incident.

## VI. CAUSES OF ACTION

ONE:  FALSE ARREST AND IMPRISONMENT
Cal. Constitution, Art. I, §§ 1 and 13, Cal. Penal Code § 853.6,
and California Common Law
Against:  All Defendants

41. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

42. The police defendants, and each of them, are liable to plaintiffs under California law for causing them to be falsely detained on the street and then arrested and imprisoned in the County jail, without reasonable suspicion, probable cause, statutory authority, or legal justification.

43. The Sheriff's defendants, and each of them, are liable to plaintiffs under California law for causing them to be unreasonably imprisoned in the County jail under deplorable and illegal conditions, without consent, reasonable suspicion, probable cause, statutory authority, or legal justification.

44. The Sheriff's defendants are further liable for falsely imprisoning plaintiffs by failing to cite and release them in a timely fashion in accordance with the provisions of Cal. Penal Code § 853.6 and/or Vehicle Code § 40504, after plaintiffs provided their names.

45. As a proximate and foreseeable result of defendants' false arrest and imprisonment, plaintiffs suffered economic and/or emotional harm, as described below.

TWO: SECTION 1983 – UNLAWFUL DETENTION AND ARREST
42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution
Against:  All Defendants

46. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

47. The police defendants, and each of them, are liable to plaintiffs under federal law for causing them to be unlawfully detained on the street and then arrested and imprisoned in the County jail, without consent, reasonable suspicion, probable cause, statutory authority, or legal justification.

48. The Sheriff's defendants, and each of them, are liable to plaintiffs under federal law for causing them to be unreasonably imprisoned in the County jail under deplorable and illegal conditions, without reasonable suspicion, probable cause, statutory authority, or legal justification.

49. As a proximate and foreseeable result of defendants' unlawful detention and arrest of plaintiffs, plaintiffs suffered economic and/or emotional harm, as described below.

THREE: TRESPASS TO CHATTELS
Cal. Constitution, Art. I, § 13 and California Common Law
Against:  Police Defendants

50. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

51. The police defendants, and each of them, are liable to plaintiffs for committing trespass to chattels by unlawfully and unreasonably searching and seizing plaintiffs' musical instruments

1    and other property while police encircled and then arrested plaintiffs on the street, without

2    consent, probable cause, statutory authority, or legal justification.

3    52. As a proximate and foreseeable result of these defendants' trespass to chattels, plaintiffs

4    suffered economic and/or emotional harm, as described below.

5    FOUR:  UNLAWFUL SEARCH AND SEIZURE OF PROPERTY
     42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution
6    Against:  Police Defendants

7    53. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

8    54. The police defendants, and each of them, are liable to plaintiffs for unlawfully and

9    unreasonably searching and seizing plaintiffs' musical instruments and other property while

10   police encircled and then arrested plaintiffs on the street, without consent, probable cause,

11   statutory authority, or legal justification.

12   55. As a proximate and foreseeable result of these defendants' unlawful search and seizure

13   of plaintiffs' property, plaintiffs suffered economic and/or emotional harm, as described below.

14   FIVE:  ASSAULT AND BATTERY
     Cal. Constitution, Art. I, §§ 1, 7 and 13, and California Common Law
15   Against:  Sheriff's Defendants

16   56. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

17   57. The Sheriff's defendants, and each of them, are liable to plaintiffs for causing them to

18   be offensively touched, attacked, and injured, during the periods when the Sheriff's defendants

19   forcibly extracted plaintiffs from their holding cells, moved them to the booking area(s), and

20   booked them.

21   58. As a proximate and foreseeable result of defendants' assault and battery against

22   plaintiffs, plaintiffs suffered economic and/or emotional harm, as described below.

23   SIX:  SECTION 1983 –EXCESSIVE FORCE
     42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution
24   Against:  Sheriff's Defendants

25   59. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

26   60. The Sheriff's defendants, and each of them, are liable to plaintiffs for causing them to

27   be subjected to unnecessary, unreasonable, and excessive force during the periods when the

28

1   Sheriff's defendants forcibly extracted plaintiffs from their holding cells, moved them to the

2   booking area(s), and booked them.

3      61. As a proximate and foreseeable result of defendants' use of unnecessary, unreasonable,

4   and excessive force, plaintiffs suffered economic and/or emotional harm, as described below.

5   SEVEN:  INVASION OF PRIVACY; SEXUAL HARASSMENT
Cal. Constitution, Art. I, §§ 1 and 7, Cal. Civil Code § 51.9, and California Common Law

6   Against:  Sheriff's Defendants

7      62. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

8      63. The Sheriff's Defendants, and each of them, are further liable to the female plaintiffs

9   for causing them to be sexually harassed, both by facilitating and participating in a peep show of

10  the women while they went to the bathroom, and by sexually groping some of the women during

11  their extraction from the holding cells and relocation to the booking area(s).

12     64. As a proximate and foreseeable result of defendants' invasion of privacy and sexual

13  harassment of the female plaintiffs, they suffered economic and/or emotional harm, as described

14  below.

15  EIGHT:  INTERFERENCE WITH FREEDOMS OF EXPRESSION, ASSOCIATION,
ASSEMBLY, AND PETITION FOR REDRESS OF GRIEVANCES

16  Cal. Constitution, Art. I, § 2 and California Common Law

17  Against:  All Defendants

18     65. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

19     66. Defendants, and each of them, are liable to plaintiffs for violating their rights to engage

20  in freedom of expression, association, and assembly, and their right to petition the government

21  for a redress of grievances.  That is, defendants carried out the wrongs complained of throughout

22  this complaint with the substantial motivating purpose of interfering with and/or retaliating

23  against plaintiffs for engaging in these protected rights, and/or chilling their future exercise of

24  such rights, and in order to punish them extra-judicially and on the spot.

25     67. As a proximate and foreseeable result of defendants' interference with plaintiffs'

26  exercise of free expression, association, assembly, and petition, plaintiffs suffered economic

27  and/or emotional harm, as described below.

28  NINE:  SECTION 1983 – VIOLATION OF FIRST AMENDMENT RIGHTS

42 U.S.C. § 1983, First Amendment to the U.S. Constitution
Against: All Defendants

68. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

69. Defendants, and each of them, are liable to plaintiffs for violating their rights to engage in freedom of expression, association, and assembly, and their right to petition the government for a redress of grievances. That is, defendants carried out the wrongs complained of throughout this complaint with the substantial motivating purpose of interfering with and/or retaliating against plaintiffs for engaging in these protected rights, and/or chilling their future exercise of such rights, and in order to punish them extra-judicially and on the spot.

70. As a proximate and foreseeable result of defendants' violations of plaintiffs' First Amendment rights, plaintiffs suffered economic and/or emotional harm, as described below. (However, plaintiffs are not required to plead or prove that defendants actually succeeded in interfering with or chilling their exercise of their First Amendment rights.)

TEN: ABUSE OF PROCESS
California Common Law
Against: Defendants

71. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

72. Defendants, and each of them, are liable for causing plaintiffs each to be subjected to an abuse of process by punishing them extra-judicially and on the spot, by, *inter alia*, falsely arresting and imprisoning them, depriving them of basic necessities while in custody, terrorizing, humiliating, and harassing them, facilitating and participating in a peep show of the women while they went to the bathroom, and of course by physically attacking and injuring the plaintiffs.

73. As a proximate and foreseeable result of defendants' abuse of process, plaintiffs suffered economic and/or emotional harm, as described below.

ELEVEN: FAILURE TO PROVIDE OR SUMMON MEDICAL CARE
Cal. Gov't Code 845.6, Cal. Constitution, Art. I, § 7, and California Common Law
Against: Sheriff's Defendants

74. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

75. The Sheriff's defendants, and each of them, are liable to plaintiffs for failing to provide or summon medical care for plaintiffs for the injuries defendants inflicted, during times when defendants had actual, constructive, and/or inquiry notice of such injuries and plaintiffs' need for such care, and when plaintiffs could not seek or obtain care on their own because they were in defendants' custody.

76. As a proximate and foreseeable result of defendants' failure to provide or summon medical care, plaintiffs suffered economic and/or emotional harm, as described below.

TWELVE:  SECTION 1983 – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
42 U.S.C. § 1983, Fourteenth Amendment to U.S. Constitution, and Federal Common Law
Against:  Sheriff's Defendants

77. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

78. The Sheriff's defendants, and each of them, are liable to plaintiffs for exhibiting deliberate indifference to plaintiffs' needs for medical care – *viz.*, for failing to provide or summon medical care for plaintiffs for the injuries defendants inflicted, during times when defendants had actual, constructive, and/or inquiry notice of such injuries and plaintiffs' need for such care, and when plaintiffs could not seek or obtain care on their own because they were in defendants' custody.

79. As a proximate and foreseeable result of defendants' deliberate indifference to plaintiffs' medical needs, plaintiffs suffered economic and/or emotional harm, as described below.

THIRTEEN:  Violation of California Civil Rights
Cal. Civil Code §§ 52.1 and 52 (*Bane Act*)
All Defendants

80. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

81. Defendants, and each of them, are liable to plaintiffs for violating their California civil rights enshrined in the *Bane Act*, in that they interfered by threats, intimidation and coercion with plaintiffs' rights to due process, and to be free from false arrest, imprisonment, illegal search and seizure, assault and battery, interference with and retaliation for exercise of free speech,

1    association, assembly, and petition, and abuse of process, as guaranteed by Article I, §§ 1, 2, 7

2    and 13 of the California Constitution, Cal. Civil Code § 1708, and California common law.

3        82. Plaintiff Helia Rasti further alleges that defendants discriminated against her based on

4    her status as a woman of color by separating her from the group and taking her glasses.

5        83. As a proximate and foreseeable result of defendants' violations of plaintiffs' civil rights

6    under the *Bane Act*, plaintiffs suffered economic and/or emotional harm, as described below.

7    Pursuant to Cal. Civil Code § 52(a), (b), plaintiffs are entitled to three times their actual

8    damages, to exemplary damages, and to a civil penalty of $25,000 for each violation of their

9    rights proven at trial, and to costs and attorneys' fees in amounts to be determined by the Court.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTEEN: INTENTIONAL AND NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS
California Common Law
Against: Sheriff's Defendants

84. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

85. The Sheriff's defendants, and each of them, are liable for causing plaintiffs to suffer extreme emotional distress as a result of their shocking and outrageous conduct, as described throughout this Complaint – including, *inter alia*, by depriving plaintiffs of basic necessities while they were in custody; terrorizing, humiliating, and harassing them; facilitating and participating in a peep show of the women while they went to the bathroom; groping the women; unnecessarily splitting up the group and housing them in separate cells when they understandably scared and intimidated; and wantonly attacking and injuring the plaintiffs in a gratuitous and terrifying exercise of brute force.

86. As a proximate and foreseeable result of defendants' conduct, plaintiffs suffered, and continue to suffer, extreme emotional distress.

FIFTEEN: FAILURE TO INTERVENE
California Common Law
Against: All Defendants

87. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

88. Defendants, and each of them, are liable for failing to intervene to prevent or mitigate the harm caused by each other defendant.

89. As a proximate and foreseeable result of defendants' failure to intervene, plaintiffs suffered economic and emotional harm, as described below.

SIXTEEN: NEGLIGENCE
California Common Law
Against: All Defendants

90. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

91. Defendants, and each of them, are liable to plaintiffs for breaching their duties to plaintiffs to exercise reasonable care in the performance of their official duties, including without limitation their duties to comply with all federal and state laws and regulations, as well as their own, internal policies and procedures.

92. The City and County of San Francisco is further liable to plaintiffs for negligently hiring, training, supervising, and/or disciplining its employees (defendants).

93. As a proximate and foreseeable result of defendants' negligence, plaintiffs suffered economic and emotional harm, as described below.

In addition, the City and County of San Francisco is liable to Mr. Burdett for negligently hiring, training, supervising, and/or disciplining its employees.

<u>SEVENTEEN</u>:  Conspiracy and Cover-up
California and Federal Common Law
Against:  All Defendants

94. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs.

95. Defendants, and each of them, have sought to cover-up the truth about the wrongs they committed, individually and by engaging in one or more conspiracies, involving a meeting of the minds, tacit or express, to achieve the same unlawful ends.  Overt acts include, without limitation:  intentionally recounting the events falsely through false and misleading statements and omissions in documents and testimony, and in their communications to one other and to superiors; failing to generate certain reports or recordings in the first place; destroying or concealing documents in evidence or permitting its spoilation; failing to take proper investigative steps, including collection of evidence and interviewing witnesses; failing to intervene to prevent or mitigate the wrongs committed by one another; and failing to repudiate the conspiracy/ies.

96. The Sheriff's Defendants are further liable for conspiring to cover-up their wrongs and thwart plaintiffs' access to justice by refusing plaintiffs' requests for public records, in flagrant violation of and contempt for the California Public Records Act and the San Francisco Sunshine Ordinance, even after Sheriff's Legal Counsel James Harrigan was repeatedly censured by the San Francisco Sunshine Task Force Ordinance for his noncompliance.

<u>EIGHTEEN</u>:  INJUNCTIVE AND DECLARATORY RELIEF
California and Federal Common Law
Against:  All Defendants

97. Plaintiffs are also entitled to, and pray for, declaratory and injunctive relief commanding the City and County of San Francisco, through the Police and Sheriff's

1   Department, to take necessary steps (whether through the promulgation of new police and

2   guidelines, or through supplemental training) to prevent law enforcement officers from

3   summarily and peremptorily punishing protesters merely because they engage in protest,

4   including especially a prohibition against using force against non-violent, non-resisting inmates

5   to punish them for their refusal to identify themselves to their gaolers, notwithstanding their Fifth

6   Amendment right to remain silent.

### VII. JURY TRIAL DEMAND

8   98. Plaintiffs demand a trial by jury as to each and every count against each and every

9   defendant, except as to their claim for injunctive and declaratory relief, which they make to the

10   Court.

### VIII. DAMAGES AND PRAYER FOR RELIEF

12   99. **WHEREFORE**, plaintiff prays for relief as follows:

    (a)   for special and general compensatory damages (including all direct, indirect, incidental, and emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact, including without limitation:

    (b)   for three times his actual damages, and for a civil penalty of $25,000 for each violation which occurred, pursuant to California's *Bane Act* and its incorporated damages provisions, Cal. Civil Code §§ 52.1 and 52(a), (b)(2);

    (c)   for reasonable attorney's fees and costs of litigation, pursuant to the Civil Rights Act, 42 U.S.C. § 1988, Cal. Code of Civil Procedure § 1021.5, Cal. Gov't Code § 800, and Cal. Civil Code § 52(b)(3);

    (f)   for punitive (exemplary) damages against the individual named defendants, in amounts to be determined by the trier of fact;

    (g)   for declaratory and injunctive relief; and

    (h)   for such other relief as the Court deems just and proper.

### X. DEFAULT DAMAGES

27   100.   In the event defendants do not file a timely answer to this Complaint, or otherwise

28   default, the plaintiffs will seek an order of default and a default judgment against defendants.

1  The male plaintiffs would seek default damages of at least $100,000 each (representing a

2  $25,000 civil penalty under the Bane Act for each of the four substantive violations alleged:

3  false arrest/imprisonment; excessive force; interference with free speech and association; and

4  deprivation of medical care).  The female defendants would seek default damages of at least

5  $125,000 each – for the same four violations suffered by the male defendants, plus the additional

6  sexual harassment they suffered.  In the event of defendants' default, plaintiffs would also seek

7  costs and attorneys' fees.

8      101.    Plaintiffs provide the above measure of damages only for the sake of fixing a

9  default amount, and do not make it as a demand on defendants, nor mean to suggest or predict

10  what their actual damages should or will be in the event plaintiffs prevail at trial.  Plaintiffs thus

11  recognize that the actual damages awarded by a jury could be substantially less than or

12  substantially greater than this default measure.

13          DATED: July  22, 2005

Respectfully Submitted,

14

15                                              BEN ROSENFELD

16                                              Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**COPY**

1   DENNIS J. HERRERA. State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   BLAKE P. LOEBS, State Bar #145790
    ELIZABETH DEELEY, State Bar #230798
4   Deputy City Attorney
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3868
6   Telephone:    (415) 554-3982
    Facsimile:    (415) 554-3837
7

8   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 1 8 2005

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                    UNLIMITED CIVIL JURISDICTION

13   JESSICA BATES, HELIA RASTI,            Case No. 05-443185
     LAMONT ALLEN, KIRSTEN
14   BRYDUM, JAMES CONNELL,                 **DEFENDANT CITY AND COUNTY**
     GREGORY DERVIN, JANSSEN KUHN,          **OF SAN FRANCISCO'S ANSWER**
15   EMILY MAGNER, AMELIA                   **TO PLAINTIFFS' AMENDED**
     MERRICK, CHRISTOPHER SCHEETS,          **COMPLAINT**
16   HANNAH SORENSEN, BRENT SOVIK,
     JEREMY SPAFFORD, JONATHAN
17   STRIBLING-USS, ABIGAIL WING,
     DANIELA ZION,                          Date Action Filed:    July 22, 2005
18                                          Trial Date:           None Set
                 Plaintiffs,
19
             vs.
20

21   SAN FRANCISCO SHERIFF'S
     DEPARTMENT CHIEF (FNU[1], ARATA
22   (#370), LT. (FNU) HESS, SGT. (FNU)
     FREEMAN, DEPUTIES A. KENNEDY
23   (#540), A. UNG (#1539), B. KESTER
     (#1239), (FNU) ROBINSON (#600),
24   E. C. GONZALEZ (#1103), E. BRIN
     (#833), K. FERRIGNO, J. RAMIREZ
25   (#1486), A. WONG (#810), I. ACEVES
     (#1004), R. GALLOT (#1341). C. CHIU
26   (#1463), I. CAMBEROS (#1496),

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
         [1] "FNU" means First Name Unknown.
28

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

1  M. RIVETTE (#821), G. BARBIERI
(#896), B. RICE (#1710), M. CHIU
2  (#1065), J. LAWSHA (#1526), D. DEAR
(#871), R. ROOD (#1532), L. LAMUG
3  (#1279), D. HUGHES (#1747).
R. DROCCO (#569), E. RUIZ (#1451),
4  C. SHERIFF (#1790), (FNU) MOOR,
(FNU) FISH (#450), (FNU) YAMOTO,
5  (FNU) QUOCK (#1460), (FNU) JANG
(#812), (FNU) WILSON (#1093), (FNU)
6  TUOHY (#1154), AND DOES 1-20; SAN
FRANCISCO POLICE OFFICER DOES
7  21-40; AND THE CITY AND COUNTY
OF SAN FRANCISCO,

8                    Defendants.

9          Defendant City and County of San Francisco City, a municipal corporation, ("City" or

10  "defendant"), responds to plaintiffs' unverified amended complaint ("Complaint") as follows:

11          Pursuant to section 431.30 of the California Code of Civil Procedure, the City denies each

12  and every allegation in the Complaint.

13          Defendant further sets forth the following separate and distinct affirmative defenses to the

14  Complaint.

15                    **1ST AFFIRMATIVE DEFENSE**

16                    (Failure to State a Claim)

17          Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of

18  action against the Defendant.

19                    **2ND AFFIRMATIVE DEFENSE**

20                    (Immunity)

21          Defendant alleges the provisions of the California Tort Claims Act of the California

22  Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County

23  of San Francisco and its employees.

24                    **3RD AFFIRMATIVE DEFENSE**

25                    (Failure To Comply With Statute)

26          Defendant alleges that plaintiffs failed to set forth facts sufficient to state a cause of action

27  due to a failure to comply with the claim requirements of the California Government Code.

28

## 4TH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

Plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## 5TH AFFIRMATIVE DEFENSE

### (Defendant's Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the Defendant was not the proximate cause of plaintiffs' alleged injuries.

## 6TH AFFIRMATIVE DEFENSE

Defendant alleges that the alleged injuries and damages of which plaintiff complains were the proximate result of the sole negligence, acts, omissions or conduct of others (not Defendant), including, but not limited to, plaintiffs.

## 7TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in plaintiffs' Complaint, plaintiffs acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; and that as a consequence, plaintiffs claims are barred.

## 8TH AFFIRMATIVE DEFENSE

Defendant alleges that the fault of persons other than this Defendant contributed to and proximately caused the occurrence; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, (1978) 20 Cal.3d 578, and under the provisions of California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability be reduced to the extent of such contribution.

## 9TH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendant alleges that plaintiffs knowingly, voluntarily, and unreasonably assumed the risk of the conduct, event, and matters alleged in the Complaint and any damage or injury, if any there were, sustained by the plaintiffs were the proximate result of the risks so assumed.

## 10TH AFFIRMATIVE DEFENSE

(Barred by Tort Claims Act)

Defendant alleges that the First Amended Complaint, and each cause of action therein, is barred by the California Tort Claims Act, including but not limited to California Government Code Sections 815; 815(b); 815.2; 815.2; 815.4; 815.6; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.4; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4

## 11TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times material hereto the Defendant had reasonable and probable cause to detain, restrain and arrest plaintiffs based on violations of the California Penal Code.

## 12TH FFIRMATIVE DEFENSE

Defendant alleges that they are immune from any liability under the common law doctrine of immunity of public employees executing statutes in good faith, which statutes are presumed valid at the time of such execution.

## 13TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in plaintiffs' Complaint, the Defendant acted in accordance with and pursuant to the California Penal Code, including without limitation §§834, 834a 835, 835a, 836. and 853.

## 14TH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that they were at all times material hereto acting with both subjective and objective good faith, such that any claims for relief that plaintiff may have are barred by law.

## 15TH AFFIRMATIVE DEFENSE

The City and its agents at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiffs of any rights under the federal or state constitutions, federal or state statutes, thereby entitling him to immunity from suit.

## 16TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in plaintiffs' Complaint herein, their actions were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

## 17TH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege facts sufficient to state a claim for relief under 42 U.S.C. § 1983 against Defendant and fail to make out a claim for relief against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## 18TH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of Plaintiffs own acts and omissions, Plaintiffs are estopped from seeking any recovery from Defendant.

## 19TH AFFIRMATIVE DEFENSE

### (Immunity)

Employees of the City are immune from any liability and protected against the burden of litigation under the doctrines of qualified immunity, absolute immunity and/or the common law immunities protecting peace officers, prosecutors and/or public officials.

**20TH AFFIRMATIVE DEFENSE**

(Third Party Immunity)

Defendant is a public entity and alleges the Complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

**21ST AFFIRMATIVE DEFENSE**

(Eleventh Amendment Immunity)

Defendant alleges that they are state actors and entitled to Eleventh Amendment Immunity.

**22ND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant alleges that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in CCP § 335, 338, 340, 342, *et seq.* and related statutes including, but not limited to, those set forth in Chapter 3 of Title 2 of the California Code of Civil Practice.

**23ND AFFIRMATIVE DEFENSE**

Defendant alleges that plaintiffs have failed to file a timely claim as required by California Government Code §910, et seq. and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

**24TH AFFIRMATIVE DEFENSE**

Defendant allege that all activities taken regarding the allegations in the Complaint were undertaken for valid law enforcement and/or prosecutorial initiatives.

**25TH AFFIRMATIVE DEFENSE**

Defendant allege it is defendants are immune from liability because the Defendant, its agents, officers and employees were acting to execute or enforce the law.

**26TH AFFIRMATIVE DEFENSE**

Defendant alleges that it is immune from liability because the Defendant, its agents, officers and employees were instituting or prosecuting a judicial or administrative proceeding.

## 27TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in the Complaint, the Defendant, its agents, officers and employees had reasonable cause to investigate the matters at issue in the Complaint, and probable cause to arrest and/or detain plaintiffs.

## 28TH AFFIRMATIVE DEFENSE

Defendant alleges that Defendant, City employees, agents and officers, enjoy discretionary immunity against each and every one of plaintiff's stated claims.

## 29TH AFFIRMATIVE DEFENSE

Defendant alleges that the Defendant, its agents, officers and employees did not act with malice, corruption or fraudulent intent.

## 30TH AFFIRMATIVE DEFENSE

Defendant alleges that it is immune from liability for the acts or omissions of other people.

## 31ST AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each cause of action therein are barred because the use of force against the Plaintiff was privileged and/or justified.

## 32TH AFFIRMATIVE DEFENSE

Defendant alleges that the individual Defendant are immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity.

## 33TH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein is barred by the doctrine of absolute immunity for decisions made by a legislative and/or political body.

## 34TH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant to plaintiffs' Complaint herein, plaintiffs knowingly, voluntarily and/or willingly consented to the use of force upon his person.

**35TH AFFIRMATIVE DEFENSE**

Defendant alleges that no more force was used on plaintiffs' person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

**36TH FFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times and places mentioned in the Complaint, Defendant acted in self-defense and/or in the defense of others.

**37TH FFIRMATIVE DEFENSE**

(Justification)

Defendant alleges that Defendant, its agents, officers and employees and its employees had legal justification for all of their actions and omissions and therefore the Complaint and each and every cause of action therein is barred.

**38TH FFIRMATIVE DEFENSE**

Defendant alleges that they are immune for an injury to any prisoner, pursuant to Government Code section 844.6.

**39TH AFFIRMATIVE DEFENSE**

Defendant alleges that plaintiffs failed to exhaust his remedies pursuant to the Prison Litigation Reform Act.

**40TH AFFIRMATIVE DEFENSE**

Defendant allege that plaintiff has failed to exhaust his administrative remedies.

**41ST AFFIRMATIVE DEFENSE**

(No *Respondeat Superior* Liability)

San Francisco alleges that it is not liable for any acts or omissions of its employees which occurred outside of those employees' scope of employment with San Francisco.

**42ND AFFIRMATIVE DEFENSE**

(Immunity from Punitive Damages)

Defendant alleges that they are immune from any assessment of punitive damages.

### 43RD AFFIRMATIVE DEFENSE

#### (Latches)

Defendant allege that any relief sought by plaintiff is barred by the doctrine of laches.

### 44TH AFFIRMATIVE DEFENSE

#### (Frivolous Action)

Plaintiffs maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against Plaintiff.

### 45TH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

### 46TH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendant allege that the Complaint and each and every cause of action therein is barred because plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from Defendant.

### 47TH AFFIRMATIVE DEFENSE

Defendant deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

WHEREFORE, defendant prays for judgment as follows:

1.  That plaintiffs take nothing from defendant;

2.  That the Complaint be dismissed with prejudice:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3. That defendant recover costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

Dated: August 18, 2005

> DENNIS J. HERRERA
> City Attorney
> JOANNE HOEPER
> Chief Trial Deputy
> BLAKE P. LOEBS
> ELIZABETH DEELEY
> Deputy City Attorneys
>
> By: _____
> ELIZABETH DEELEY
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

**BATES, ET AL. V. CCSF, ET AL. – SF SUPERIOR COURT NO. 05-443185**

## PROOF OF SERVICE

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street. Sixth Floor, San Francisco, CA 94102.

On August 18, 2005, I served the attached:

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S**
**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Ben Rosenfeld, Esq.
115 ½ Bartlett Street
San Francisco, CA 94110-3022
Telephone:      (415) 285-8091
Facsimile:      (415) 285-8092
*Counsel for Plaintiffs*

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415)554-3837. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 18, 2005, at San Francisco, California.

_____
HELEN LAU