DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
BLAKE P. LOEBS, State Bar #145790
ELIZABETH DEELEY, State Bar #230798
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-3868
Facsimile:  (415) 554-3837

Attorneys for Defendants

BEN ROSENFELD, State Bar # 203845
DENNIS CUNNINGHAM, State Bar #112910
Law Office of Dennis Cunningham
115 ½ Bartlett Street
San Francisco, CA 94110
Tel:  (415) 285-8091
Fax:  (415) 285-8092

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BATES, *et al*., | Case No. C-05-3383-SI |
| Plaintiff, | STIPULATION REGARDING CATEGORIES OF CONDUCT, *VEL NON*, BY SHERIFF'S DEPARTMENT DEFENDANTS; DISMISSAL OF CERTAIN DEFENDANTS WITHOUT PREJUDICE; AND DISMISSAL OF PLAINTIFF DANIELA ZION WITH PREJUDICE |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, *et al*., | |
| Defendants. | |

1. For the purpose of narrowing the factual questions material to the Court's consideration of motions for summary judgment/summary adjudication based on qualified immunity and/or other grounds, the parties, through their undersigned counsel, stipulate and agree as follows:

1  2. Discovery and investigation are continuing. The parties are not bound forever by the terms of this stipulation, or the facts recited therein. The parties are free to argue or elicit information contrary to the terms and facts recited in this stipulation at trial. This stipulation may not be used to impeach any witness at trial. However, the parties agree to be bound by the terms and facts recited in this stipulation for all purposes related to making and opposing summary judgment/summary adjudication motions, whether based on qualified immunity or other grounds.

3. Plaintiffs were arrested on June 8, 2004 in connection with the Biotech Protest. After being transported to San Francisco County Jail No. 9 ("CJ9"), they were initially held in outside holding pens in the sally port. While in the holding pens in the sally port, those individuals who had been arrested were asked to identify themselves so that they could be cited and released. Plaintiffs, along with other individuals, declined to identify themselves. Those who refused to identify themselves were then taken into two holding cells inside of CJ9, one for the men and one for the women.

4. Defendants[1] at various times prior to plaintiffs' removal from the holding cells, asked plaintiffs to identify themselves so that they could be cited and released, and plaintiffs declined to do so. Plaintiffs remained in the holding cells, continuing to decline to identify themselves for many hours. After giving plaintiffs numerous opportunities to identify themselves, which plaintiffs declined to do, Defendants decided to remove plaintiffs from the holding cells so that they could be booked and housed in the jail facilities. As the process of removing plaintiffs from their holding cells began, defendants asked certain plaintiffs, by describing their clothing, to get up and go with defendants. At first, no plaintiff agreed. Defendants then began extracting the plaintiffs by force. As the extraction process continued, some plaintiffs got up and voluntarily went with defendants, while other plaintiffs continued to refuse to leave the holding cells.

---

[1] The term "defendants" as used in this stipulation is intended to refer to the defendants in a generic way for ease of reference and is not a stipulation that each individual defendant engaged in the activities attributed to "defendants."

    5. Those plaintiffs who refused to leave the holding cells and who were extracted by force attempted to avoid extraction by holding onto each other and /or objects in the holding cells. After being removed from the holding cells, many plaintiffs did not cooperate with various stages of the booking process, such as having their fingerprints taken. Several Sheriff's Deputies used pain compliance techniques to gain their cooperation. Some time after plaintiffs went through the booking process they were placed in housing units in County Jail No. 8.

    6. After they were arraigned, and as a condition of their release, plaintiffs identified themselves and were thereafter released.

    7. As for defendants (1) Deputy Itza Camberos; (2) Deputy Michael Chiu; (3) Deputy Catherine Chui-Moore; (4) Deputy David Dear; (5) Deputy Richard Drocco; (6) Deputy Robert Gallot; (7) Deputy Dennis Hughes; (8) Deputy Albert Jang; (9) Deputy Leonard Lamug; (10) Deputy John Lawsha; (11) Deputy Vincent Quock; (12) Deputy Brian Rice; (13) Deputy Robert Rood; (14) Deputy Eliseo Ruiz; (15) Deputy Christopher Sheriff; and (16) Deputy James Wilson: plaintiffs claim that they were members of the extraction teams who carried out orders by their superiors to physically separate and remove plaintiffs from their holding cells to the booking area, and in some cases, assist with booking. Plaintiffs do not have any evidence to show that these defendants planned any operations, developed any policy with respect to plaintiffs, or exercised any supervisory authority during the events in question.

    8. As for defendants (17) Chief Tom Arata and (18) Lt. Wayne Hess: plaintiffs claim that they acted at all relevant times as supervisors, and policy and decision-makers, with respect to planning and issuing orders for how to deal with plaintiffs. Plaintiffs do not have any evidence to show that any of these defendants ever physically touched any plaintiff, or directly used any force on any plaintiff.

    9. As for defendants (19) Capt. Ellen Brin; (20) Capt. Kenneth Ferrigno; (21) Sgt. Matthew Freeman; and (22) Lt. Paul Miyamoto: plaintiffs claim both that they acted at all relevant times as supervisors, and policy and decision-makers, with respect to planning and issuing orders for how to deal with plaintiffs, and that they each used some amount of force directly on one or more plaintiffs during the extraction and/or booking processes.

10. As for defendant (23) Sgt. Allan Wong: plaintiffs claim both that he acted at all relevant times as a booking supervisor, and that he used some amount of force directly on one or more plaintiffs during the extraction and/or booking processes. In addition, plaintiffs claim that defendant Wong participated in hanging up blankets around their cells prior to the commencement of the extraction process. In addition, plaintiffs claim that he wrote a series of rules violations against various plaintiffs alleging that they refused to dress in to jail clothes.

11. As for defendants (24) Deputy Irma Aceves; (25) Deputy Gerald Barbieri; (26) Deputy El Ceg Gonzales; (27) Lt. Allen Kennedy; (28) Sgt. Barbara Kester; (29) Deputy John Ramirez; (30) Deputy Matthew Rivette; (31) Sr. Deputy Joale Robinson; (32) Deputy Patrick Tuohy; and (33) Deputy Alvin Ung: the parties agree that plaintiffs will dismiss these defendants without prejudice.

12. The parties agree that plaintiffs will request leave to dismiss Daniela Zion with prejudice, and that defendants will not oppose such dismissal.

IT IS SO STIPULATED.

Dated: August 9, 2006

DENNIS CUNNINGHAM
BEN ROSENFELD

By: _/s/ - Ben Rosenfeld_
BEN ROSENFELD
Attorneys for Plaintiffs

Dated: August 9, 2006

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
BLAKE P. LOEBS
ELIZABETH DEELEY
Deputy City Attorneys

By: _/s/ - Blake P. Loebs_
BLAKE P. LOEBS
Attorneys for Defendants

IT IS SO ORDERED
Judge Susan Illston

4