United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BATES, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO SHERIFF'S<br>DEPARTMENT CHIEF, *et al.*,<br><br>    Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 05-3383 SI<br><br>**ORDER DENYING PLAINTIFFS'<br>REQUEST FOR STAY AND MOTION<br>FOR ENTRY OF JUDGMENT<br>PURSUANT TO FRCP 54(b); AND<br>SETTING CASE MANAGEMENT<br>CONFERENCE FOR JULY 25, 2008** |

Plaintiffs have filed a motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b), to allow plaintiffs to file an immediate appeal, and also seek a stay of further proceedings pending appeal. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the July 18, 2008 hearing. For the reasons set forth below, the Court DENIES the motion. (Docket No. 115).

By order filed March 26, 2008, the Court granted in part and denied in part defendants' motion for summary judgment. Plaintiffs request that the Court enter a partial judgment as to those plaintiffs and claims dismissed on summary judgment. Plaintiffs contend that it would be inefficient and unfair to proceed to trial on behalf of the three remaining plaintiffs because the issues in the remaining claims are intertwined with the issues on which plaintiffs wish to appeal. Plaintiffs also assert that they would be required to expend large sums on discovery and trial, which would be duplicative of future efforts if any part of the Court's summary judgment order is eventually overturned. Plaintiffs also suggest that the likelihood of settlement is greater if plaintiffs are permitted to appeal now rather than later.

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time'

when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The Court finds that it is not in the interest of judicial administration to enter a partial judgment. Plaintiffs are correct that the Court dismissed the majority of plaintiffs' claims, and that very few claims remain.[1] However, because the surviving claims are few and limited to discrete events, the Court is not persuaded that "extensive" discovery needs to be taken on these remaining claims. More importantly, all of plaintiffs' claims – those that have been dismissed and those that remain – require highly fact-intensive determinations, and thus the Court is skeptical that an immediate appeal would result in any judicial efficiencies. Instead, the Court finds it likely that granting the motion would actually create two rounds of appeal, which would be contrary to the Ninth Circuit's instruction that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005).

The Court also finds that the equities weigh in favor of resolving these final claims rather than allowing a lengthy appeal and staying this case. Granting plaintiffs' motion would subject the six remaining defendants to a significant delay in proceeding to trial and would likely impose upon them the costs of appealing the same case more than once. In contrast, the Court is confident that the parties can complete discovery and proceed to trial in a relatively expeditious fashion. **The Court will hold a case management conference on July 25, 2008 at 2:30 p.m., and at that time will set a final pretrial schedule and trial date.**

**IT IS SO ORDERED.**

Dated: July11, 2008

SUSAN ILLSTON
United States District Judge

---

[1] In plaintiffs' characterization, "the remaining three plaintiffs' cases are hanging by a thread."

2